**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-23428-CV-WILLIAMS**

SAUL ALEJANDRO VIEIRA BRAZAO,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.
_______________________________/

**ORDER**

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("***Petition***") filed by Petitioner Saul Alejandro Vieira Brazao ("***Petitioner***" or "***Mr. Vieira Brazao***") (DE 1). For the reasons set forth below, the Petition (DE 1) is **DENIED WITHOUT PREJUDICE**.

## I. FACTUAL BACKGROUND

Mr. Vieira Brazao is a Portuguese citizen who entered the United States on May 26, 2019 under the Visa Waiver Program ("***VWP***"). (DE 1 ¶ 2). He has lived in the United States for the last seven years and is married to a United States citizen. (*Id.*) He filed a Form I-130 Petition for Alien Relative with United States Citizenship and Immigration Services to document his relationship. (*Id.*) He also filed an Application for Adjustment of Status, which remains pending. (*Id.*)

On January 4, 2026, Mr. Vieira Brazao was arrested for battery. (DE 8 at 2). The case was dismissed on January 28, 2026. (*Id.*) That same day, Immigration and Customs Enforcement ("***ICE***") issued a warrant for Mr. Vieira Brazao's arrest. (*Id.*) He was transferred from Hillsborough County Jail to ICE custody on January 29, 2026. (*Id.*) Also

on January 29, 2026, ICE issued a Notice of Intent to Issue a Final Administrative Removal Order and then served the final administrative removal order on Mr. Vieira Brazao. (*Id.* at 1–2). Respondents have represented that they will be elevating their internal request for travel documents, but they have not named any concrete steps they have taken to effectuate Mr. Vieira Brazao's removal. (*Id.* at 3).

Mr. Vieira Brazao was initially detained at Florida Soft-Side Facility South ("***FSSFS***") in Opachee, Florida. (*Id.*) As of Respondents' last update on his detention, Mr. Vieira Brazao was detained at the Miami Federal Detention Center. (DE 13-2). Mr. Vieira Brazao brings this Petition seeking habeas relief. (DE 1 at 20). He argues that his detention has become unconstitutionally prolonged. (*Id.* at 1).

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

### *A. The Court has jurisdiction over the Petition.*

Section 1252 is "Congress's comprehensive scheme for judicial review of removal orders." *Canal A Media Holding, LLC v. U.S. Citizenship and Immigr. Servs.*, 964 F.3d 1250, 1256–57 (11th Cir. 2020). It bars judicial review over "any cause or claim by or on

behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]" 8 U.S.C. § 1252(g). It "is specifically directed at the deconstruction, fragmentation, and hence prolongation of removal proceedings." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999). Section "1252(g) is not to be construed broadly as a 'zipper' clause applying to the full universe of deportation-related claims, but instead as applying narrowly to only the three 'discrete' governmental actions enumerated in that subsection." *Wallace v. Sec'y, U.S. Dep't of Homeland Sec.*, 616 F. App'x 958, 960 (11th Cir. 2015) (citing *Reno*, 525 U.S. at 472–73). "And although many other decisions or actions may be part of the deportation process, only claims that arise from one of the covered actions are excluded from [a court's] review[.]" *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021) (internal citations and quotations omitted).

Here, the Government's § 1252(g) argument is unpersuasive. Mr. Vieira Brazao's claim does not implicate the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. Rather, he challenges the legality of his detention under a constitutional framework articulated by the Supreme Court in *Zadvydas*. Thus, § 1252(g) does not bar jurisdiction. *See, e.g., Barghouthi v. Field Off. Dir.*, No. 25-cv-25666, 2026 WL 1040943, at *2–3 (S.D. Fla. Apr. 17, 2026) ("Because Petitioner brings a constitutional challenge to the duration of his post-removal-period detention, the Court remains free to hear the Petitioner's claims concerning the length of his detention."); *Hidalgo Perez v. Noem*, No. 2:26-cv-00819, 2026 WL 922594, at *2 (M.D. Fla. Apr. 6, 2026) (concluding that § 1252(g) did not affect the court's jurisdiction to apply the

*Zadvydas* test, as a decision in petitioner's favor "would not impair ICE's ability to execute the removal order."). Accordingly, the Court concludes that it retains jurisdiction to adjudicate the Petition and proceeds to the legality of detention under *Zadvydas*.

***B. At the time of the Petition's filing, Mr. Vieira Brazao's detention had not become unconstitutionally prolonged.***

Where, as here, "a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court considered when detention beyond that ninety-day period would be permitted. It held, "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 690. "Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the [noncitizen's] presence at the moment of removal." *Id.* at 699. The Supreme Court further held that, after a presumptively reasonable six-month period, once a noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish evidence sufficient to rebut that showing." *Id.* at 680.

"Therefore, in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). "Although not expressly stated, the Supreme Court appears to view the six-month period to include

the 90–day removal period plus 90 days thereafter." *Id.* at 1052. "This six-month period thus must have expired at the time [a petitioner's] § 2241 was filed in order to state a claim under *Zadvydas.*" *Id.* *Zadvydas* claims raised prior to the presumptively reasonable six-month period are unripe and subject to dismissal. *See id*.

Mr. Vieira Brazao's removal order became final on January 29, 2026. (DE 8 at 3). He has remained in immigration custody since he was transferred from Hillsborough County Jail on January 28, 2026. (DE 8 at 2; DE 13-1 at 2). Approximately three and a half months later, on May 15, 2026, Mr. Vieira Brazao filed the Petition. (DE 1 at 21). Thus, his detention at the time fell short of the presumptively reasonable six-month period.[1] However, at the time of this Order, the presumptively reasonable six-month period has expired. Therefore, though the Court dismisses the Petition, it does so without prejudice, and Mr. Vieira Brazao may file a new petition as soon as he wishes to do so. To succeed on the claim, he must still demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future. *See Akinwale*, 287 F.3d at 1050.

Accordingly, for the reasons set forth above, it is **ORDERED** and **ADJUDGED** as follows:

[1] Because the Petition was filed before the *Zadvydas* claim became ripe, the Court need not determine whether there is a significant likelihood of removal in the reasonably foreseeable future.

1. The Petition for Writ of Habeas Corpus (DE 1) is **DENIED WITHOUT PREJUDICE**.
2. All pending motions not otherwise ruled upon are **DENIED as moot.**
3. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 3rd day of September, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE